■ MARIGO CORPORATION, Appellant-Respondent, v GEORGE LAVIAN et al., Respondents-Appellants, et al., Defendants. [717 NYS2d 118] —Order, Supreme Court, New York County (Harold Tompkins, J.), entered January 25, 1999, which denied plaintiff's motion to amend the complaint and granted defendants-respondents-appellants' cross-motion for summary judgment dismissing the complaint, unanimously reversed, on

the law, without costs, the motion granted, the cross-motion denied, and the matter remanded for further proceedings.

The complaint and supporting documents set forth allegations that defendant 308 East 71st Street Corp. (308 Corp.), former owner of the premises, defaulted on its mortgage in 1988, leading to the lender's subsequent foreclosure action. In April 1991, a receiver was appointed to act on behalf of the defendant owner, effectively terminating the owner's management of the building. Defendant George Lavian was the building's managing agent under 308 Corp.'s ownership and was secretary for subsequent owner 308 East 71st Realty Corp. (Realty Corp.), which purchased in 1993. Plaintiff landlord purchased the building from Realty Corp. in 1996. Defendants Aharoni (referred to by plaintiff as Aharoni Boaz), Deutsch, Carmel and Rasson purport to be tenants. Only Aharoni and Deutsch are parties to this appeal. Aharoni purportedly possesses the apartment pursuant to a lease entered on or about March 6, 1991, prior to the April 1991 appointment of the receiver, when 308 Corp. was the owner and still the operator of the building.

The gravamen of the complaint is that Lavian, though lacking authority to do so after appointment of the receiver, entered backdated sweetheart leases with these defendant tenants, apparently at rents significantly lower than the rents registered with DHCR for prior tenancies and well below market rates. Aharoni claims, though, that insofar as his lease, executed by Lavian, pre-dated the appointment of the receiver, his right to occupancy, at the rent he has been paying, must be recognized and entitles him to summary judgment dismissing the complaint. The receiver apparently indicated, although an affidavit has not been submitted, that these apartments had not been occupied prior to appointment of the receiver, supporting the inference that the leases, regardless of the dates on the documents, were actually entered subsequent to the receiver assuming control of the building, and without the receiver's authorization or consent. However, defendant Aharoni, in support of his cross-motion for summary judgment, alleges that the receiver had originally challenged the legality of his tenancy, that the challenge was abandoned, that the parties came to an arrangement in a September 10, 1991 letter agreement and that thereafter the receiver accepted rent from him. Lavian's affidavit supports these contentions. A review of that letter agreement, though, is not dispositive of defendant's contentions but, rather, specifically reserves for the receiver the right to challenge the legality of the leases. The complaint also al-

leges that the named tenants actually rent the apartments to third parties, at a profit, rather than reside in the units themselves.

Plaintiff on appeal also challenges a modification to the lease between Aharoni and Lavian on behalf of 308 Corp., a matter not formally pleaded in the complaint but logically part of the more general challenge to the legality of the lease. The putative modification to the lease was entered March 6, 1991, the same day that the underlying lease was entered by Aharoni and 308 Corp. The modification was effectuated by a letter agreement conferring on that tenant "the unfettered right to sublet the tenant's * * * apartment without the consent of the landlord * * * to any person without the consent of Landlord. It is understood that Tenant may effectuate said subletting notwithstanding the provisions of § 226-b of the Real Property Law." Although the tenant was required to provide the landlord with the name of the sublessee, "in NO event shall Landlord be permitted to reject said sublet" (emphasis in original). The letter of modification also stated that this provision would bind the parties' successors and assigns.

Plaintiff now seeks a declaration that these leases, entered between Realty Corp. and these named defendants-tenants, are illegal and invalid. Plaintiff, who changed counsel after commencement of the action, also seeks to amend the complaint to seek the ejectment of these named defendants-tenants and an award for use and occupancy. The proffered amended complaint also seeks to add three additional parties as defendants who are alleged to sublease their units from defendants-tenants. The action has not yet proceeded to discovery. Defendants cross-moved for summary judgment, which was granted by the IAS Court on the basis that plaintiff's contentions were speculative, and that as purchaser, plaintiff had had an opportunity to obtain copies of the leases prior to the sale and could not use this action as a means of obtaining greater rights vis-à-vis defendants than could its predecessor in interest.

The complaint, broadly construed, raises the issue whether the modification of the Aharoni lease is invalid and violates public policy. Real Property Law § 226-b basically provides that a tenant may not sublease a residential unit without the written consent of the landlord unless such a right is conferred by the lease, although for tenants in certain multiple dwellings, such consent may not be unreasonably withheld. The statute also provides that sublets or assignments that are out of compliance constitute a substantial breach of the lease or

tenancy (§ 226-b [5]) and any lease provision purporting to waive any provision of section 226-b is null and void (§ 226-b [6]). As we stated in *Rima 106 v Alvarez* (257 AD2d 201, 205), such a free-assignment clause violates section 226-b and is incompatible with the underlying Rent Stabilization Law, which was never intended "to create a class of mini-landlords who can profiteer in housing units placed under the law's protection." Insofar as a valid claim is presented as to whether the "modification" is null and void, we reverse to allow further proceedings on this claim.

Additionally, plaintiff has adequately stated a claim sounding in fraudulent conveyance and has interposed sufficient allegations to further warrant denial, at this juncture, of the cross-motion for summary judgment. The claim is not resolvable as a matter of law on the present record. Insofar as plaintiff purchased the property in 1996, and served and commenced the action in 1997, the action was not barred by the Statute of Limitations for fraud, allowing tolling for two years from the date that the alleged fraud could reasonably be discovered. Finally, plaintiff's motion to amend the complaint to the extent indicated should have been granted. Concur—Rosenberger, J. P., Tom, Wallach, Rubin and Saxe, JJ.